**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**LOUIS GRANADOS,**

      Plaintiff,

vs.                                              Civ. No. 08-831 ACT

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand ("Motion") filed February 18, 2009. Doc. 15. The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the Motion is well taken and will be granted.

**I. PROCEDURAL RECORD**

Plaintiff, Louis Granados, filed his applications for Social Security Disability Insurance Benefits and Supplemental Security Income on June 9, 2005. Tr. 11. He is alleging a disability since February 1, 2005 due to depression, anxiety and nervousness. Tr. 221. His application was denied at the initial and reconsideration level.

The ALJ conducted a hearing on August 27, 2007. Tr. 231. At the hearing, Plaintiff was represented by counsel. On February 29, 2008, the ALJ issued an unfavorable decision finding that Plaintiff's substance abuse disorder is a contributing factor material to the determination of disability. Tr. 15.

On July 2, 2008, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr. 5-7. The Plaintiff subsequently filed his Complaint for judicial review of the ALJ's decision on September 11, 2008.

Plaintiff was born on July 6, 1978. Tr. 221. Plaintiff is a high school graduate and his past relevant work includes being a house painter, roofer, general construction worker, meat packer and oil rug worker. Tr. 247.

## II. STANDARD OF REVIEW

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." *Andrade v. Secretary of Health and Human Svcs.*, 985 F.2d 1045, 1047 (10th Cir. 1993) (quoting *Broadbent v. Harris*, 698 F.2d 407, 414 (10th Cir. 1983) (citation omitted)). A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision. *Gossett v. Bowen*, 862 F.2d 802, 805 (10th Cir. 1988).

In order to qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. §423(d)(1)(A); *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (1993). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show: 1) he is not engaged in substantial gainful employment; 2) he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities; 3) his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1; and 4) he is unable to perform work he had done in the past.  20 C.F.R. §§ 404.1520 and 416.920.  At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*[1]

### III.  MEDICAL HISTORY

Plaintiff's medical records consist of the following: Treatment at Counseling Associates from March 9, 2005 to May 22, 2007; a consultative evaluation on October 11, 2005 by Carl Adams, Ph.D.; and a Psychiatric Review Technique Form ("PRTF") completed by a non-examining psychologist on October 20, 2005 and reviewed by a non-examining physician on January 18, 2006.

Counseling Associates.

On March 22, 2005, Plaintiff saw a Ph.D. therapist ("therapist").  The therapist completed a Counseling and Therapy Service Plan and wrote that the objective was "[t]o stabilize a mood disorder...." Tr. 135.  The following are notes by Plaintiff's therapist concerning this Counseling and Therapy Service Plan.

On July 16, 2005, the therapist wrote:

---

[1] In the Applicable Law section of the ALJ's decision the ALJ states at step five that "[a]lthough the claimant generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Social Security Administration." Tr. 13. This statement of the law is incorrect. The Commissioner has the burden at step five. *Staples v. Astrue*, 2009 WL 1383382, *1 (10th Cir. 2009)(citation omitted).

> "Client appears to be doing better on Prozac and Risperdol. He does continue to hear voices/hear tv talking to him. Consulted with Dr. Gervais and Risperdol to be increased in July. Will follow-up."

Tr. 136.

On September 12, 2005, the therapist wrote:

> "....with the client today. He was just released from jail and states that this time he really wants to stop the drugs. He states that CYFD is monitoring them and his wife wants to stop too. Will follow-up."

Tr. 164.

On December, 12, 2005, the therapist wrote:

> "Client continues to struggle with his drug problem. Has been positive a(sic)CYFD last weeks. Please see Diagnostic Review."

*Id.*

Also on March 22, 2005, the therapist completed another Counseling and Therapy Service Plan and wrote that the objective was to "[t]o stabilize a polysubstance induced psychosis...."

Tr. 137.

On July 16, 2005, the therapist wrote:

> "Client states that he has not taken any drugs for the last 6 months. He is in lesson #3 of 'Escaping Your Inner Prison' & responding well. Will follow up."

*Id.*

On March 13, 2006, the therapist wrote another Counseling and Therapy Service Plan stating as the objective "[t]o resolve [ ] feelings associated with psychosis (hallucination) & terminate substance abuse." Tr. 201. He also wrote a second Counseling and Therapy Service Plan stating as the objective "[t]o stabilize a schizoaffective disorder ....." Tr. 202.

On May 22, 2007, Dr. Gervais signed a "Treatment Plan." Tr. 204-07. Dr. Gervais listed three problems: depression; affective functioning, disturbances; and substance abuse. Tr. 204.

The remaining treatment notes from Counseling Associates are written by Gilbert Jimenez, a counselor.

Consultative examination.

Plaintiff underwent a consultative evaluation on October 17, 2005 by Carl Adams, Ph.D. Tr. 139-144. Dr. Adams diagnosed Plaintiff as follows:

| | |
|---|---|
| AXIS I: | Mood Disorder, NOS |
| | Factitious Disorder with Predominately Psychological Signs |
| AXIS II: | Personality Disorder, NOS |
| AXIS III: | Deferred |
| AXIS IV: | Mild to Moderate in Family Relations |
| AXIS V: | 70 |

Tr. 142.

He found that:

> "Luis' (sic) story and complaints seem somewhat incredulous. His complaints started coincidentally for no apparent reason with no precipitating event and no precipitous decline in emotional or psychological functioning. The voices just came in all of a sudden."

Tr. 142.

He also found that Plaintiff had no limitations in understanding, concentrating, social interactions and adapting to changes. *Id.* He further stated that Plaintiff denies any history of drug or alcohol abuse. *Id.*

PRTF.

J. LeRoy Gabaldon, Ph.D. completed the PRTF on October 20, 2005 and Jill Blacharsh, M.D. affirmed the assessment on January 15, 2006. Tr. 167-180. They found that Plaintiff had three non-severe disorders-affective, anxiety-related and personality. Tr. 167. They further found that Plaintiff had mild restrictions of activities of daily living, mild difficulties in maintaining social functioning, mild difficulty in maintaining concentration, persistence or pace and no repeated

episodes of decompensation. Tr. 177.

## IV. DISCUSSION

The Contract with America Advancement Act of 1996 provides that "[a]n individual shall not be considered to be disabled [under either Title II or XVI of the Social Security Act]....if alcoholism or drug addiction would (but for this paragraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."  42 U.S.C §§ 423(d)(2)(c), 1382c(a)(3)(J); accord 20 C.F.R. § 416.935.  If an ALJ finds that the claimant is disabled and has medical evidence of the claimant's drug addiction or alcoholism, the ALJ "must determine whether....drug addiction or alcoholism is a contributing factor material to the determination of disability."  20 C.F.R. § 416.935.  The "key factor" in making this determination is whether the claimant would still be found disabled if he stopped using drugs or alcohol.  20 C.F.R. § 416.935(b)(1).

A two-step analysis is required to determine whether drug addiction or alcoholism is a contributing factor material to a determination of disability.  First, the ALJ must determine which of the claimant's physical and mental limitations would remain if the claimant refrained from drug or alcohol use.  Then the ALJ must determine whether the claimant's remaining limitations would be disabling.  20 C.F.R. § 416.935(b)(2).  If the claimant's remaining limitations would not be disabling, the claimant's alcoholism or drug addiction is a contributing factor material to a determination of disability and benefits will be denied. 20 C.F.R. § 416.935(b)(2)(I).  If the claimant would still be considered disabled due to his remaining limitations, the claimant's alcoholism or drug addiction is not a contributing factor material to a determination of disability and the claimant is entitled to benefits.  20 C.F.R. § 416.935(b)(2)(ii).

In *Salazar v. Barnhart,* 468 F.3d 615, 623 (10th Cir. 2006), the Tenth Circuit Court of

Appeals discussed the two-step analysis when mental impairments are involved. The opinion refers to a teletype issued by the Commissioner pertaining to "situations where a claimant has one or more other mental impairments in addition to [drug and alcohol addiction.]" *Id*. The Court of Appeals noted that the teletype:

> ....stresses the need for careful examination of periods of abstinence and also directs that if the effects of a claimant's mental impairments cannot be separated from the effects of substance abuse, the [drug and alcohol addiction] is *not* a contributing factor material to the disability determination.

*Id.* (emphasis in original).

The teletype also states:

> The most useful evidence that might be obtained in [cases of multiple mental impairments combined with drug and alcohol addiction] is that relating to a period when the individual was not using drugs/alcohol. Of course, when evaluating this type of evidence, consideration must be given to the length of the period of abstinence, how recently it occurred, and whether there may have been any increase in the limitations and restrictions imposed by the other mental impairments since the last period of abstinence.

*Id.*

The teletype further indicates that the report of a medical or psychological consultant could be the basis for a conclusion that drug and alcohol addiction is material to the determination that a claimant is disabled if the consultant is able to separate the effects of mental impairments from those of substance abuse and project what limitations would remain if the claimant stopped using drugs or alcohol. The commissioner's teletype instructs that where the record is devoid of any medical or psychological report, opinion, or projection as to the claimant's remaining limitations if he stopped using drugs or alcohol, an ALJ should "find that [drug and alcohol addiction] is not a contributing factor material to the determination of disability." *Id.* at 624.

In this case, the ALJ found that Plaintiff had three severe impairments: schizoaffective disorder, personality disorder and substance addiction disorder. Tr. 13. The ALJ further found that

if Plaintiff "stopped the substance use, he would continue to have moderate difficulties in maintaining social functioning and moderate difficulties in maintaining concentration, persistence, and pace." Tr. 15.  In relying on the testimony of the vocational expert, the ALJ found that Plaintiff could return to his past relevant work as a housepainter.  Tr. 18.

The Court finds that the ALJ did not have substantial evidence to support his finding because there is no evidence of any sustained period of abstention from substance abuse to assess Plaintiff's mental functioning.  In finding that the Plaintiff would not be disabled if he stopped abusing drugs the ALJ relied on the consultative evaluation and opinion of Dr. Adams, the opinion of the non-examining medical consultants, Plaintiff's self-reports to his counselor and the fact that Plaintiff attempted to return to work.  As discussed below, this evidence is not substantial evidence that Plaintiff's substance abuse is a contributing factor material to a determination of disability.


The ALJ's reliance on the consultative psychological evaluation and opinion of Dr. Adams is misplaced.  Dr. Adams examined Plaintiff only once and did not review Plaintiff's medical records. *McGoffin v. Barnhart*, 288 F.3d 1248, 1253 (10th Cir. 2002) ("This court has long held that 'findings of a nontreating physician based upon limited contact and examination are of suspect reliability.' *Frey*, 816 F.2d at 515.")  Dr. Adams found that Plaintiff had no non-exertional limitations and found Plaintiff's story and complaints incredulous.  "His complaints started coincidentally for no apparent reason with no precipitating event and no precipitous decline in emotional or psychological functioning." Tr. 142.  Dr. Adams did not review the medical records and was not aware that Plaintiff had a history of substance abuse as Plaintiff denied any history of drug or alcohol abuse in his examination.  Thus, Dr. Adams' report is inconsistent with the record as a whole and does not provide substantial evidence that Plaintiff's mental disorders are not

disabling absent his substance abuse.

The ALJ also relied on the opinions of the non-examining medical consultants. Tr. 17. His reasoning was that "the opinion(s) of non-examining, non-treating physicians, their opinions are not entitled to controlling weight, but must be considered and weighed as those of highly qualified physicians who are experts in the evaluation of the medical issues in disability claims under the Social Security Act (SSR-96-6p)." *Id.* This reasoning fails in that there is no analysis of their medical opinions. 20 C.F.R. § 404.1527(d) ("Regardless of its source, we will evaluate every medical opinion we receive.").

The ALJ also relies on and cites to medical records that do not support any conclusion as to Plaintiff's remaining limitations in the absence of substance abuse. The ALJ wrote that "[t]he treatment records indicate that the claimant's condition improves when he takes his medication and abstains from alcohol and drugs." Tr. 16. He also wrote that:

> "On June 16, 2005, the claimant stated that he was compliant with his medications and committed to getting better. Although he was continuing to experience some hallucinations, he appeared to be doing well on prescribed medications (Exhibits 2F, page 4 and 4F, page 20)."

Tr. 16.

The issue for the ALJ is not whether Plaintiff improves when he abstains from alcohol and drugs but rather if Plaintiff's mental limitations remain if the Plaintiff refrains from drug and alcohol use. In addition, the records relied on by the ALJ do not support that when Plaintiff abstains, he does not have the mental limitations that are disabling. Exhibit 2F was a "[d]iagnostic impressions/conclusions" written by his counselor on June 15, 2006. It is not an opinion of an acceptable medical source. *Frantz v. Astrue*, 509 F.3d 1299, 1301 (10th Cir. 2007) ("Acceptable medical sources include licensed medical or osteopathic doctors, licensed or certified psychologists,

licensed optometrists, licensed podiatrists and qualified speech-language pathologists. 20 C.F.R. § 404.1513(a). Only "acceptable medical sources" can provide evidence to establish the existence of a medically determinable impairment, ie., only they can provide medical opinions, 20 C.F.R. § 404.1527(a)(2), and only they can be considered treating sources, 20 C.F.R. § 1527(d).") In addition, while ignored by the ALJ, the counselor's record for the June 15, 2006, visit states that the Plaintiff continued to see "a lot of shadows that pass by him." Tr. 105. The second medical record relied on, Exhibit 4, contains three entries written by his therapist dated June, September and December of 2005. The June 15, 2005 note states that Plaintiff is better on his medication but continues to hear voices and the TV talking to him. The September 12, 2005, record states that Plaintiff wants to stop using drugs. And the December 12, 2005, record states that Plaintiff continues to struggle with his drug problem. Tr. 164. These findings do not support the ALJ's finding that in the absence of substance abuse, Plaintiff mental impairments are not disabling.

The ALJ also relies on records that Plaintiff and his wife were being investigated by Children Youth and Families Department and "he was determined to stay clean." Tr. 16. The ALJ continues and says that "[d]uring evaluation, the claimant informed that he had no problems is (sic) social functioning, but did continue to experience symptoms of depression, anxiety, trouble understanding and or(sic) concentrating and trouble controlling his violent behavior (Exhibit 4F, page 13)." Again, these records to not support any finding that Plaintiff's mental limitations were not disabling when he abstained from alcohol and drugs. To the contrary, they are evidence that Plaintiff may very well have had disabling mental limitations even during abstention.

The ALJ cites to the fact that on March 13, 2006, Plaintiff tried to work again but was fired due to hallucinations. Tr. 17. The ALJ wrote that "[t]his attempt to work clearly demonstrates that the claimant's condition had improved to the point that he felt capable of doing more during the

10

day." *Id.* Considering the record as a whole, the ALJ's conclusion is without any basis. This fact may demonstrate that Plaintiff wants to work however, it does not demonstrate that he is capable of working. Further, the ALJ did not refer to remaining statements in the "[d]iagnostic impression/conclusion" written by Plaintiff's counselor which state:

> Louis Granados is a Hispanic father of two children who came to CAI because he has been very depressed, hallucinating, self-talking and experiencing social anxiety. Client has been at treatment at CAI, had a relapse, was jailed and now taking anger management at the Refuge and both he and his wife are under CYFD supervision for the second time. Client continues to struggle with the drug addiction, forgetful about his appointments, but continues to state that he is in remission. He tried working at a construction company, but was fired because of his hallucination. Client states that he is in the process of getting a lawyer to appeal his disability because he now knows that he really is not able to work because of his mental disability. Will continue to follow up.

Tr. 187.

To conclude, the evidence relied upon by the ALJ is insufficient to support his determination that if the Plaintiff stopped his substance abuse, Plaintiff could perform his past work. Tr. 17. The ALJ did not have substantial evidence of any sustained period of abstention from substance abuse in order to assess Plaintiff's mental functioning while not abusing alcohol or drugs. Thus, the Court will grant Plaintiff's motion and remand for further proceedings.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Decision is granted and this case is remanded to the Commissioner for proceedings consistent with this opinion.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE,**
**PRESIDING**